**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

FELIPE JACINTO GARCIA,

Petitioner,

v. Case No. 2:26-cv-02933 KWR-GJF

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR,
*Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who has been detained by ICE. He received a bond hearing, but nevertheless asserts he should be released. As explained below, Petitioner's Petition is not well-taken and therefore is **DENIED**.

Petitioner is a citizen of Guatemala and is currently detained by ICE at the Otero County Processing Center. Petitioner was taken into immigration custody on July 25, 2026. On August 14, 2026, an immigration judge held a bond hearing and denied his request for release. The immigration judge noted in his written order: "Flight Risk: form of relief speculative and no relief filed. Manner of Entry." Doc. 6 at 2. On September 18, 2026, an immigration judge held another

bond hearing and denied release. The immigration judge noted " Flight Risk – Speculative form of relief, and manner of entry into the United States." Doc. 6 at 11.

Petitioner's claims are unclear. He appears to assert that he should not be detained because he has no criminal record and non-custodial alternatives are available. Doc. 1 at 2 He asserts he is not a danger to the community and is willing to comply with conditions of release. He does not assert a due process claim.

Petitioner appears to assert that he should be released because he has not received an individualized bond hearing. Petitioner received two bond hearings under 8 U.S.C. § 1226(a). Petitioner's detention is therefore lawful, and he has received the process due under § 1226(a). *See Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026).

To the extent Petitioner challenges the flight risk determination, the Court lacks authority to review that decision. Generally, the Court lacks jurisdiction to review a discretionary determination by an immigration judge in a bond decision. The release or bond decision by an immigration judge involves the weighing of evidence and is discretionary. § 1226(a); *Jennings v. Rodriguez,* 583 U.S. 281, 295 (2018). Discretionary bond decisions, such as the determination that a noncitizen is a flight risk, are generally not reviewable by a federal district court. 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). "This provision precludes the Court from reviewing the IJ's decision that denied bond because Petitioner was a flight risk." *Mwangi v. Terry*, 465 F. App'x 784, 786–87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.") (citing *Demore v. Kim*, 538 U.S.

510, 516–17 (2003)); *Jennings,* 583 U.S. at 295 (explaining that § 1226(e) bars a challenge to a discretionary judgment or decision by the Attorney General regarding detention or release but does not preclude challenges to the statutory framework); *see also Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) ("Although we lack jurisdiction to review any discretionary determinations underlying the IJ's bond decision…"). Here, the immigration judge denied bond, reasoning that he is a flight risk. Petitioner clearly challenges the finding that he is a flight risk. The Court lacks authority to review the immigration judge's discretionary determination.

However, the Court has discretion to review constitutional violations. For example, a noncitizen is entitled at least to fundamental fairness at a bond hearing. "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022). Here, Petitioner does not allege that his bond hearing or bond determination violated due process. To the extent he suggests his bond hearing was not individualized, he does not explain why he believes it was not individualized.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE